**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-4769

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARCIA EVANS, a/k/a Marty,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. David A. Faber, Senior District Judge. (2:18-cr-00050-1)

Submitted: April 25, 2019                              Decided: April 29, 2019

Before FLOYD and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

Andrew J. Katz, THE KATZ WORKING FAMILIES LAW FIRM, LC, Charleston, West Virginia, for Appellant. Candace Haley Bunn, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marcia Evans pled guilty to conspiracy to distribute Suboxone, a Schedule III controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2012), and was sentenced to 10 months' imprisonment. On appeal, Evans' counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning the reasonableness of Evans' sentence and whether the appeal waiver contained in Evans' plea agreement was made knowingly and voluntarily. Although notified of her right to do so, Evans has not filed a pro se supplemental brief. The Government has moved to dismiss the appeal based on the appeal waiver contained in the plea agreement. For the reasons that follow, we affirm in part and dismiss in part.

We first assess the validity of Evans' appeal waiver.[*] We review the validity of an appeal waiver de novo. *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012). An appeal waiver "preclude[s] a defendant from appealing a specific issue if the record establishes that the waiver is valid and the issue being appealed is within the scope of the waiver." *United States v. Archie*, 771 F.3d 217, 221 (4th Cir. 2014). A defendant validly waives her appeal rights if she agreed to the waiver "knowingly and intelligently." *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010). "To determine whether a

---

[*] Evans' challenge to the validity of her appeal waiver falls outside the scope of the waiver, as do other issues that we must review under *Anders*. *See United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005); *United States v. Craig*, 985 F.2d 175, 178 (4th Cir. 1993). Therefore, we deny the Government's motion to dismiss in part.

2

waiver is knowing and intelligent, we examine the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." *Thornsbury*, 670 F.3d at 537 (internal quotation marks omitted). "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Id.*

Our review of the Rule 11 colloquy and the plea agreement confirms that Evans knowingly and voluntarily waived her right to appeal any sentence below or within the Sentencing Guidelines range corresponding to offense level 16. We therefore affirm the judgment as it relates to the appeal waiver. Furthermore, we conclude that the valid appeal waiver bars any challenge to Evans' sentence, which is below the agreed-upon range. Accordingly, we grant the Government's motion to dismiss as to Evans' sentencing claim.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal that fall outside the scope of Evans' valid appeal waiver. Accordingly, we affirm in part and dismiss in part. This court requires that counsel inform Evans, in writing, of the right to petition the Supreme Court of the United States for further review. If Evans requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Evans.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*